IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50280
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCILLE CHRISTIE BLAKLEY;
DAVID PORRAS,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-92-3
--------------------
February 23, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Porras argues that the district court clearly erred in allowing his bankruptcy attorney to testify at trial because it violated the attorney-client privilege. Lucille Christie Blakley adopts this argument.

The district court did not clearly err in allowing the attorney to testify because the Government made a prima facie showing that Porras and his codefendants sought counsel's legal representation in order to further their illegal and fraudulent

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct.  Thus, the defendants' attorney-client privilege was lost under the crime or fraud exception to that rule.  See United States v. Ballard, 779 F.2d 287, (5th Cir. 1986).

Blakley argues that the district court abused its discretion in denying her motion to take the deposition of her fugitive codefendant William Edmiston pursuant to  Fed. R. Crim. P. 15(a), which provides that the district court may order the taking of a deposition in a criminal case if it finds that exceptional circumstances exist.

The district court did not abuse its discretion in denying Blakley's motion for the deposition.  The district court concluded based on its prior experience with Edmiston in civil proceedings that Edmiston would not be a credible witness and also determined that the deposition would expose the prosecutors to an unnecessary risk of harm and would cause the Government to incur substantial expense.  Further, the record reflects that Blakley's prior testimony in civil proceedings, which was reviewed at the criminal trial, showed her knowledge of the fraudulent activity, and clearly outweighed any probative value that would have been given to the testimony of the fugitive codefendant.  Blakley failed to show the existence of exceptional circumstances warranting the deposition. See United States v. Aggarwal, 17 F.3d 737, 741 (5th Cir. 1994). AFFIRMED.